UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-417(DSD/JJK)

Owatonna Clinic-Mayo Health
System,

        Plaintiff,

v.                                           **ORDER**

The Medical Protective Company
of Fort Wayne, Indiana,

        Defendant.

     This matter is before the court upon plaintiff's request to file a motion to reconsider the court's July 22, 2009, order denying plaintiff's motion for summary judgment. Pursuant to Local Rule 7.1(g), motions to reconsider require the "express permission of the Court," which will be granted "only upon a showing of compelling circumstances." A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." <u>Dale & Selby Superette & Deli v. U.S. Dep't of Agric.</u>, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

     Pursuant to a claims-made insurance policy between plaintiff insured Owatonna Clinic-Mayo Health System and defendant insurer The Medical Protective Company of Fort Wayne, Indiana, a claim was considered filed only if plaintiff "reasonably believed allegations of liability may result" from a medical incident. The July 22 order interpreted this requirement to contain an objective and subjective component and stated that "Owatonna Clinic must have

actually believed liability would result from [the doctor's] services and such belief must have been objectively reasonable." (Doc. No. 55 at 11-12.) Plaintiff correctly notes that the insurance policy required Owatonna Clinic only to have believed that "allegations of liability" would result. Therefore, the court will file an amended order adding the words "allegations of" after the word "believed" and before the word "liability" in the last sentence of the carryover paragraph on page twelve of the July 22 order. As is apparent throughout the court's analysis, however, the order applied the "allegations of liability" standard, and amendment of the order does not affect the court's holding.

Plaintiff further argues that reconsideration of the July 22 order is warranted because the court improperly relied on communications outside of the insurance policy's coverage period from January 1, 1999, to January 1, 2000, to assess Owatonna Clinic's subjective belief. The order relied on an August 2, 2001, letter in which one of plaintiff's employees informed Medical Protective that

> To the best of my knowledge I am not aware of any occurrences having potential for a claim arising out of the rendering or failing to render professional services including all cases with adverse results from the period of August 19, 1994 to November 1999. I also do not have knowledge of any claims, potential claims or suits [in] which Owatonna Clinic may become involved including without limitation knowledge of any alleged injury arising out of

2

> the rendering or failing to render professional services which may give rise to a claim during the above specified period.

(Id. at 4-5.) Plaintiff is correct that the relevant date for determining Owatonna Clinic's subjective belief is the date that it provided the Notice of Conference to Medical Protective. The letter, however, refers back to that date and permits an inference that Owatonna Clinic, at the time it provided the Notice of Conference to Medical Protective, did not believe that allegations of liability against Owatonna Clinic would result. Therefore, a fact issue remains as to Owatonna Clinic's subjective belief at the time it provided the Notice of Conference to Medical Protective.

The order also cited deposition testimony from Owatonna Clinic's counsel, indicating that in April 2005 he did not believe that allegations of liability would result against Owatonna Clinic. The court will consider the admissibility of this testimony if and when an appropriate motion in limine is filed.

Based upon the above, the court determines that extraordinary circumstances do not exist to permit a motion for reconsideration. Accordingly, **IT IS HEREBY ORDERED** that plaintiff's request to file a motion to reconsider [Doc. No. 57] is denied.

Dated: August 10, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court

3